IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| SALT MARSH COVE ASSOCIATION INC.<br>Salt Marsh Cir.<br>P.O. Box 3340<br>Fort Mill, SC 29716,<br><br>          Plaintiff,<br><br>     v.<br><br>THE HARTFORD INSURANCE CO. OF<br>THE MIDWEST<br>P.O. Box 913385<br>Denver, CO 80291,<br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:26-cv-01700-RMG<br><br>**COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff Salt Marsh Cove Association Inc. ("Plaintiff"), by and through their undersigned counsel, complaining of the Defendant above-named, allege the following:

**<u>Parties</u>**

1.     Plaintiff is a corporate resident of the State of South Carolina and the owner of certain properties located at Pawleys Island, SC, 29585.

2.     Defendant Hartford Insurance Co. of the Midwest ("Hartford") is an insurance company licensed to do business in the State of South Carolina.

**<u>Jurisdiction and Venue</u>**

3.     Original exclusive jurisdiction is conferred upon this Court pursuant to the Nation Flood Insurance Act of 1968, 42 U.S.C. §4001 <u>et seq</u>.

**Factual Allegations**

4.     Plaintiff is a condominium association.

5.     Plaintiff owns the common elements and common buildings known as Salt Marsh Cove Association Inc.

6.     Specifically, Plaintiff owns the common elements and certain properties located and known as:

    i.   178 Salt Marsh Cir. Pawleys Island, SC, 29585;

    ii.   224 Salt Marsh Cir. Pawleys Island, SC 29585;

    iii.   234 Salt Marsh Cir. Pawleys Island, SC 29585;

    iv.   253 Salt Marsh Cir. Pawleys Island, SC 29585;

    v.   256 Salt Marsh Cir. Pawleys Island, SC 29585;

    vi.   276 Salt Marsh Cir. Pawleys Island, SC 29585;

    vii.   306 Salt Marsh Cir. Pawleys Island, SC 29585;

    viii.   312 Salt Marsh Cir. Pawleys Island, SC 29585;

    ix.   316 Salt Marsh Cir. Pawleys Island, SC 29585;

    x.   320 Salt Marsh Cir. Pawleys Island, SC 29585;

    xi.   328 Salt Marsh Cir. Pawleys Island, SC 29585; and

    xii.   358 Salt Marsh Cir. Pawleys Island, SC 29585.

7.     Defendant in its regular course of business issued to Plaintiff the following policies of insurance: 6500002848, RL 10779860, RL 10779911, 6500002834, 6500002826, 6500002827, 6500002828, 6500002829, 6500002830, 6500002831, 6500002832, 650000833, 650002835, and 6003299077 (the "Policies"), covering Plaintiff and the Property.

8.     Plaintiff is not in possession of complete copies of each of the 14 Policies.

9.     Plaintiff is in possession of each policy's declarations pages. True and correct copies of which are attached hereto as "Exhibits 1-14".

10.     On or about September 30, 2022, while said Policies of insurance was in full force and effect, the Property sustained a sudden and accidental direct physical loss, resulting in damage and loss to Plaintiff.

11.     Said damage to the Property was covered by the Policy.

12.     Notice of Plaintiff's covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of them under the policy of insurance issued by Defendant, including cooperating with Defendant's investigation; mitigating damages where reasonable, required and/or possible; providing Defendant with all available information and complying with all conditions precedent.

13.     At all times material hereto, Defendant was acting either individually or through its duly authorized agents, servants, workmen or employees, who were acting within the course and scope of their employment and on the business of said employer.

14.     Defendant acknowledged the claim, and extended coverage, however, Defendant failed and/or refused to fully indemnify Plaintiff for the full extent of the damage sustained by the Property.

15.     Despite demand for benefits under its Policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said Policy of insurance.

16.     Because there existed a dispute as to the amount of damages for the covered loss, Plaintiff demanded appraisal pursuant to the Policy.

17.     As of the date of this Complaint, Defendant failed and/or refused to respond to Plaintiff's appraisal demand.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract for 178 Salt Marsh Cir. Pawleys Island, SC, 29585)**

18.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

19.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

20.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

21.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

22.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

23.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

24.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

25.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract for 224 Salt Marsh Cir. Pawleys Island, SC 29585)**

26.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

27.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

28.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

29.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

30.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

31.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

32.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

33.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract for 234 Salt Marsh Cir. Pawleys Island, SC 29585)

34.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

36.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

37.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

38.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

39.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

40.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

41.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

### FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract for 253 Salt Marsh Cir. Pawleys Island, SC 29585)**

42.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

43.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

44.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

45.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

46.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

47.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

48.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

49.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

**FOR A FIFTH CAUSE OF ACTION**
**(Breach of Contract for 256 Salt Marsh Cir. Pawleys Island, SC 29585)**

50.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

52.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

53.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

54.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

55.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

56.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

57.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

## FOR A SIXTH CAUSE OF ACTION
### (Breach of Contract for 276 Salt Marsh Cir. Pawleys Island, SC 29585)

58.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

59.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

60.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

61.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

62.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

63.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

64.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

65.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

### FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract for 306 Salt Marsh Cir. Pawleys Island, SC 29585)

66.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

67.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

68.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

69.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

70.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

71.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

72.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

73.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

**FOR AN EIGTH CAUSE OF ACTION**
**(Breach of Contract for 312 Salt Marsh Cir. Pawleys Island, SC 29585)**

74. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

75. At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

76. Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

77. Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

78. In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

79. Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

80. Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

81. As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

**FOR A NINTH CAUSE OF ACTION**
**(Breach of Contract for 316 Salt Marsh Cir. Pawleys Island, SC 29585)**

82. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

83.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

84.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

85.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

86.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

87.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

88.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

89.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

## FOR A TENTH CAUSE OF ACTION
**(Breach of Contract for 320 Salt Marsh Cir. Pawleys Island, SC 29585)**

90.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

91.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

92.     Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

93.     Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

94.     In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

95.     Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

96.     Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

97.     As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

**FOR AN ELEVENTH CAUSE OF ACTION**
**(Breach of Contract for 328 Salt Marsh Cir. Pawleys Island, SC 29585)**

98.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

99.     At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

100.    Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

101.    Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

102.    In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

103. Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

104. Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

105. As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

## FOR A TWELFTH CAUSE OF ACTION
### (Breach of Contract for 358 Salt Marsh Cir. Pawleys Island, SC 29585)

106. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

107. At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

108. Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

109. Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

110. In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

111. Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

112.    Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

113.    As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

### FOR A THIRTEENTH CAUSE OF ACTION
**(Breach of Contract for 219 Salt Marsh Cir. Pawleys Island, SC 29585)**

114.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

115.    At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

116.    Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

117.    Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

118.    In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

119.    Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

120.    Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

121. As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

## FOR A FOURTEENTH CAUSE OF ACTION
**(Breach of Contract for HWY 17 South Clubhouse Salt Marsh Cove Pawleys Island, SC 29585)**

122. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

123. At all pertinent times herein Plaintiff, for valuable consideration exchanged, was insured with Hartford.

124. Plaintiff complied with all terms and conditions precedent to obtaining coverage for this loss under his applicable insurance Policy with Hartford.

125. Prior to filing this claim Plaintiff gave Defendant Hartford notice of this claim.

126. In breach of its contractual and legal obligations, Defendant Hartford has failed and refused to indemnify Plaintiff for the loss, Defendant denied coverage for the claim in whole or in part.

127. Defendant further breached the contract by refusing to comply with the terms of the appraisal provision of the Policy.

128. Defendant Hartford, in breach of its insurance contract with Plaintiff, has failed to reimburse Plaintiff for damages that were sustained by Plaintiff despite being placed on notice of this claim.

129. As a direct and proximate result of Hartford's material breaches in its coverage obligations, including obligations to make payment under the terms of Plaintiff's Policy, Plaintiff

has suffered injuries, damages and financial losses to be established at trial, and which continue into the future, including attorney's fees in bring this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, all of the foregoing premises having been considered, Plaintiff Salt Marsh Cove Association Inc. c/o Kuester Management, LLC demands judgment against Defendant Hartford Insurance Co. of the Midwest, for the amount as determined by the fact finder at the time of trial, plus costs, fees, and prejudgment interest, along with any other appropriate relief that this Court may determine is warranted.

Respectfully submitted,

SHARPE & LEVENTIS, L.L.C.

**s/Patrick C. Sharpe_____**
Patrick C. Sharpe
Federal Bar No: 12168
3710 Landmark Drive, Suite 403
Columbia, SC 29204
(803) 830-6296
pat@sharpeleventis.com
*Attorneys for Plaintiff*

April 24th, 2026